UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| PNC BANK, N.A., | No. C 15-1264 LB |
| Plaintiff, | **ORDER** |
| v. | |
| NAVJOT AHLUWALIA, | |
| Defendant. | |

## INTRODUCTION

PNC submitted a letter to the court regarding the multiple removals of this unlawful detainer action by Navjot Ahluwalia. (Letter, ECF No. 4; *see* Notice of Removal, ECF No. 1.[1]) It asks for a hearing instead of the court's customary remand because it wants to file a motion to declare Ahluwalia a vexatious litigant. (*Id.*) The court's practice often is a *sua sponte* review for jurisdiction, which – in the context of a removal of an unlawful detainer case – can result in a remand before any motion for remand is filed. As PNC points out, that result denies it the opportunity to file its vexatious-litigant motion.

Given PNC's letter, the court will defer its customary review for jurisdiction to allow PNC to file its motion. It may notice it for hearing under the local rules for any available Thursday (the court's civil law and motions day) on the ordinary five-week schedule. The next section sets forth the legal

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated numbers at the tops of pages.

ORDER (No. C 15-1264 LB)

standards that may be implicated in any motion that PNC files.

**LEGAL STANDARDS**

**I. REMAND AFTER REMOVALS**

First, the court notes that the subsequent removals do not necessarily impede the state's exercise of jurisdiction over an unlawful detainer trial if the subsequent removals do not raise new grounds for removal. Once a federal court has remanded an unlawful detainer case, a party is not entitled to file a second notice of removal on the same grounds. More specifically, "a party is not entitled, under existing laws, to file a second [notice of removal] upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit, because of his failure to [comply with the procedural requirements for removal]." *St. Paul & C. Ry. Co. v. McLean,* 108 U.S. 212, 217 (1883) (brackets added). The ban on successive removals does not apply in circumstances where the moving party advances a different theory of removal based on newly discovered facts or a change in relevant law. *Kirkbride v. Continental Cas. Co.*, 933 F.2d 729 (9th Cir. 1991) (holding that a defendant who fails in an attempt to remove on the initial pleadings may file a removal petition when subsequent pleadings or events reveal a new and different ground for removal). But absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11. *See Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) ("Multiple removals could encounter problems – could even lead to sanctions – if nothing of significance changes between the first and second tries.") (internal citation omitted).

Moreover, if a party files a second notice of removal on the same grounds that were raised in the previous removal, then it appears that the state court is reinvested with jurisdiction that cannot be defeated by the filing of a another removal on the same grounds. *See St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883) ("When the circuit court first remanded the cause – the order to that effect not being superseded – the state court was reinvested with jurisdiction, which could not be defeated by another removal upon the same grounds, and by the same party."); *see also Gross Mortg. Corp. v. Al-Mansur*, No. RG11-610380 (Alameda Cty. Sup. Ct. Sept. 10, 2012) (finding that

ORDER (No. C 15-1264 LB)

2

the defendant's successive removal did not divest the court of jurisdiction such that it could proceed with an unlawful detainer trial). The court sets forth this analysis to point out that the multiple removals do not necessarily stay the eviction process in state court.

## II. VEXATIOUS LITIGANTS

PNC's letter suggests an *ex parte* process for raising an argument that Ahluwalia is a vexatious litigant. But if they want to pursue their argument, they must notice and serve a motion. This section sets out the legal standards that apply because it often happens that motions are filed that do not address the legal standards sufficiently.

Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Nonetheless, "pre-filing orders should rarely be filed" because such orders could impose a "substantial burden on the free-access guarantee" under the First Amendment, "which is one of the most precious of the liberties safeguarded by the Bill of Rights." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citations omitted). Such rare instances require that the courts comply with the procedural and substantive requirements set forth in *De Long*, 912 F.2d at 1147-48. *Id.* at 7.

Orders restricting a person's access to the courts must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived. *See De Long*, 912 F.2d at 1149; *cf. In re: Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (prefiling orders precluding a litigant from proceeding with an appeal may be imposed only when (1) the appeal is patently insubstantial or clearly controlled by well settled precedent; or (2) the facts presented are fanciful or in conflict with facts of which the court may take judicial notice).

A pre-filing "injunction cannot issue merely upon a showing of litigiousness." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). The plaintiff's claims must not only be numerous, but also be patently without merit. *See id.*

A district court must apply the following four guidelines before ordering pre-filing restrictions:

### A. Notice

The litigant must be provided with an opportunity to oppose the order before it is entered. Due

ORDER (No. C 15-1264 LB)

process requires notice and an opportunity to be heard. *See De Long*, 912 F.2d at 1147.

### B. Adequate record for review

The district court must create a record for review which includes a listing of all the cases and motions that led it to conclude that a vexatious litigant order was needed. At least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive. *See id.*

### C. Substantive findings of frivolousness

The district court must make substantive findings as to the frivolous or harassing nature of the litigant's actions. It must find the litigant's claims to be frivolous after looking at both the number and content of the filings as indicia of frivolousness, or, alternatively, find that the claims show a pattern of harassment. *See id.* at 1148.

Courts should "consider whether other, less restrictive options [than a pre-filing injunction], are adequate to protect the court and the parties." *Ringgold-Lockhart*, 761 F.3d at 1064 (citations omitted). Sanctions under Federal Rule of Civil Procedure 11 are one such option. *Id.* at 1065.

### D. Breadth of order

The order must be narrowly tailored to closely fit the specific vice encountered. *See De Long*, 912 F.2d at 1148. An order preventing a litigant from filing any further actions without leave of court is overly broad and cannot stand. *See id.*; *Moy*, 906 F.2d at 470-71. So too is an order that states that the court will now allow a new action to be initiated unless the court deems the action "meritorious," which is not possible to determine from pleadings alone; such an order is not narrowly tailored to address the particular concern that plaintiffs will continue to pursue frivolous litigation. *Ringgold-Lockhart*, 761 F.3d at 1066.

## CONCLUSION

The court directs the filing of any motion within 14 days. Thereafter, the court will conduct its customary jurisdictional review and take the actions it deems appropriate.

**IT IS SO ORDERED.**

Dated: April 17, 2015

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (No. C 15-1264 LB)