UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| PNC BANK, N.A., | No. 3:15-cv-01264-LB |
| Plaintiff, | **ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION** |
| v. | |
| NAVJOT AHLUWALIA, | |
| Defendant. | |

## INTRODUCTION

The plaintiff PNC Bank filed a complaint for unlawful detainer against Navjot Ahluwalia in Contra Costa County Superior Court. For the fifth time, Mr. Ahluwalia removed the case to federal district court. (*See* Notice of Removal, ECF No. 1.[1]) Based on its review of the complaint and notice of removal, the undersigned finds that it lacks subject-matter jurisdiction over this action because (1) the face of the unlawful-detainer complaint does not present a federal question, (2) the amount in controversy is less than $75,000, and (3) Mr. Ahluwalia is a California resident and may not remove this action to federal court based on diversity jurisdiction. Because Mr. Ahluwalia declined the undersigned's jurisdiction, the court **ORDERS** the Clerk of the Court to reassign this action to a district judge and **RECOMMENDS** that the district judge remand the action to Contra Costa

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of documents.

County Superior Court.

Moreover, PNC also moved for sanctions and an order declaring Mr. Ahluwalia a vexatious litigant. (Motion, ECF No. 7.) Given that this court previously advised Mr. Ahluwalia on four occasions that his removals were improper, and given the court's prior warning to him of the possibility of sanctions or being declared a vexatious litigant, the undersigned also recommends a narrow prefiling order tailored only to subsequent removals of the same unlawful-detainer case and a sanction in the form of a partial award of attorney's fees, which can be imposed under 28 U.S.C. § 1447(c).

**STATEMENT**

On April 11, 2014, PNC Bank filed an unlawful detainer action against Mr. Ahluwalia in Contra Costa County Superior Court. (ECF No. 1 at 8.) PNC Bank bought the property at issue – 131 Reagan Way, Brentwood, CA 94513 – at a trustee's sale and alleges that Mr. Ahluwalia continues to occupy the property despite being served with a three-day notice to quit dated March 25, 2014. (*Id.* at 8-9, ¶¶ 2-8.) PNC Bank demands damages of $50 per day from the date of the notice to quit through entry of judgement. So far, that is roughly $21,000 based on the approximately 14 months that have elapsed. On March 18, 2015, Mr. Ahluwalia removed the case this court, specifying diversity jurisdiction as the basis for removal. (*Id.* at 1.)

Before the removal here, Mr. Ahluwalia removed the case four times, and each time, the district court remanded the case for lack of subject-matter jurisdiction. (*See* 7/31/14 Order, No. 3:14-cv-03086-MMC, ECF No. 6 (adopting report and recommendation at ECF No. 3); 12/1/14 Order, No. 3:14-cv-04693-JST, ECF No. 9 (adopting report and recommendation at ECF No. 5); 1/2/8/15 Order, No. 3:14-cv-05672-WHA, ECF No. 6 (adopting report and recommendation at ECF No. 4); 3/12/15 Order, 4:15-cv-00755-YGR, ECF No. 6 (adopting report and recommendation at ECF No. 3).)[2]

In the most recent remand, the magistrate judge observed in her report and recommendation that this was the fourth improper removal and warned Mr. Ahluwalia that "any further attempts to

---

[2] The orders are exhibits to the motion.

ORDER; REPORT AND RECOMMENDATION
(No. 3:15-cv-01264-LB)

2

improperly remove this complaint without a proper basis in law may result in sanctions against him, including but not limited to being deemed a vexatious litigant." (2/20/15 Report and Recommendation, 4:15-cv-00755-YGR, ECF No. 3.) In a different remand, the magistrate judge first issued an order to show cause why the case should not be remanded for lack of federal jurisdiction. (Order to Show Cause, No. 3:14-cv-04693-JST, ECF No. 4.) After Mr. Ahluwalia did not respond, the judge recommended – and the district judge ordered – remand. (11/12/14 Report and Recommendation, No. 3:14-cv-04693-JST, ECF No. 5; 12/1/14 Order, No. 3:14-cv-04693-JST, ECF No. 9.)

In this case, PNC Bank submitted a letter asking for a hearing instead of the court's customary remand because it wanted to file a motion to declare Ahluwalia a vexatious litigant. (Letter, ECF No. 4.) The court's practice is a *sua sponte* review for jurisdiction, which – in the context of a removal of an unlawful detainer case – can result in a remand before any motion for remand is filed. As PNC pointed out, that result denies it the opportunity to file its vexatious-litigant motion. (*Id.*). Given PNC's letter, the court deferred its customary remand to allow PNC to file its motion. (4/17/15 Order, ECF No. 5.) The court's order set forth the legal standards for declaring a litigant a vexatious litigant and also pointed out that serial removals in unlawful-detainer cases do not impede the state's exercise of jurisdiction over an unlawful-detainer trial if the subsequent removals – such as the ones here – do not raise new grounds for removal. (*Id.*)[3]

---

[3] Once a federal court has remanded an unlawful detainer case, a party is not entitled to file a second notice of removal on the same grounds. "[A] party is not entitled, under existing laws, to file a second [notice of removal] upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit, because of his failure to [comply with the procedural requirements for removal]." *St. Paul & C. Ry. Co. v. McLean,* 108 U.S. 212, 217 (1883). The ban on successive removals does not apply in circumstances where the moving party advances a different theory of removal based on newly discovered facts or a change in relevant law. *Kirkbride v. Continental Cas. Co.*, 933 F.2d 729 (9th Cir. 1991) (holding that a defendant who fails in an attempt to remove on the initial pleadings may file a removal petition when subsequent pleadings or events reveal a new and different ground for removal). But absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11. *See Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) ("Multiple removals could encounter problems – could even lead to sanctions – if nothing of significance

ORDER; REPORT AND RECOMMENDATION
(No. 3:15-cv-01264-LB)

PNC then filed its motion for (1) remand, (2) for a declaration of Mr. Ahluwalia as a vexatious litigant, and (3) sanctions of $1,720, which are the legal fees it incurred to file its motion. (Motion, ECF No. 7; Asatorian Decl., ECF No. 7-1, ¶ 8 (8 hours on motion at $215 per hour equals $1,750).) It served Mr. Ahluwalia. (Proof of Service, ECF No. 7-3.) PNC noticed the motion for June 11, 2015. The court advanced the motion to May 28, 2015, reminded Mr. Ahluwalia that his opposition was due on May 15, 2015, and sent a copy to him by mail. (5/11/15 Order, ECF No. 10.) Mr. Ahluwalia's opposition was due May 15, 2015. He did not file one. He did decline the undersigned's jurisdiction, which demonstrates his receipts of the court's orders. (ECF No. 8.) The court held a hearing on May 28, 2015. (5/28/15 Minute Order, ECF No. 11.) Mr. Ahluwalia did not appear at the hearing.

## ANALYSIS

This is the fifth remand for lack of federal jurisdiction. The undersigned summarizes why (as did the earlier reports and recommendations).

### I. THE COURT LACKS DIVERSITY JURISDICTION

Federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Additionally, in removal cases where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

---

changes between the first and second tries.") (internal citation omitted).

Moreover, if a party files a second notice of removal on the same grounds that were raised in the previous removal, then it appears that the state court is reinvested with jurisdiction that cannot be defeated by the filing of another removal on the same grounds. *See St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883) ("When the circuit court first remanded the cause – the order to that effect not being superseded – the state court was reinvested with jurisdiction, which could not be defeated by another removal upon the same grounds, and by the same party."); *see also Gross Mortg. Corp. v. Al-Mansur*, No. RG11-610380 (Alameda Cty. Sup. Ct. Sept. 10, 2012) (finding that the defendant's successive removal did not divest the court of jurisdiction such that it could proceed with an unlawful detainer trial).

ORDER; REPORT AND RECOMMENDATION
(No. 3:15-cv-01264-LB)

4

First, the amount in controversy does not exceed $75,000. In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession. *See Litton Loan Servicing, L.P. v. Villegas*, No. 4:10-cv-05478-PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Ct.*, 67 Cal. App. 3d 162, 170 (1977)). Plaintiff demands damages of $50 per day, beginning on March 25, 2015, which is about $21,000 through the end of May. The damages do not reach the threshold amount.

Second, even assuming the threshold amount were satisfied, removal was not proper because the plaintiff filed suit in California, and the defendant, who is living on the plaintiff's property in Brentwood, is a citizen of California. 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [i.e., diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

## II. THE COURT LACKS FEDERAL-QUESTION JURISDICTION

Mr. Ahluwalia alleged only diversity jurisdiction and did not otherwise allege federal-question jurisdiction. There is no federal-question jurisdiction in this case.

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[4] 28 U.S.C. 1441(a). The burden is on the removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

---

[4] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1.

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). Similarly, federal-question jurisdiction cannot rest upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). That being said, plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of California*, 463 U.S. 1 at 22.

Here, PNC Bank alleges a single claim against Mr. Ahluwalia for unlawful detainer. (Complaint, ECF No. 1 at 8.) Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. 3:11-cv-00451-WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. 4:11-cv-01894-PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

## III. VEXATIOUS LITIGANT

PNC Bank asks the court to declare Mr. Ahluwalia a vexatious litigant, pointing to California Code of Civil Procedure 391(b)(3)'s definition of a vexatious litigant as a "person who . . . (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely to cause unnecessary delay."(Motion, ECF No. 7 at 5, quoting Cal. Code Civ. P. 391(b)(3).) It asks for a prefiling order to prevent Mr. Ahluwalia from further frivolous removals. (*Id.*; *see* Proposed Order, ECF No. 7-2.)

The district court has inherent power under the All Writs Act, 28 U.S.C. § 1651(a), to issue writs (such as the requested prefiling order) "necessary and appropriate" in aid of its jurisdiction to prevent litigants who file frivolous lawsuits from continuing to do so. *See Molski v. Evergreen Dynasty*, 500 F.3d 1047, 1057 (9th Cir. 2007).

Flagrant abuse of the judicial process cannot be tolerated because it enables one person to

preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Nonetheless, "pre-filing orders should rarely be filed" because such orders could impose a "substantial burden on the free-access guarantee" under the First Amendment, "which is one of the most precious of the liberties safeguarded by the Bill of Rights." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citations omitted). Such rare instances require that the courts comply with the procedural and substantive requirements set forth in *De Long*, 912 F.2d at 1147-48. *Id.* at 7. Prefiling orders are an extreme remedy, and "courts should not enter them with undue haste" because they "can tread on a litigant's due[-]process right of access to the courts." (*Molski*, 500 F.3d at 1057 (citations omitted). "A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances." *Id*.

Orders restricting a person's access to the courts must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived. *See De Long*, 912 F.2d at 1149; *cf. In re: Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (prefiling orders precluding a litigant from proceeding with an appeal may be imposed only when (1) the appeal is patently insubstantial or clearly controlled by well settled precedent; or (2) the facts presented are fanciful or in conflict with facts of which the court may take judicial notice).

A prefiling "injunction cannot issue merely upon a showing of litigiousness." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). The plaintiff's claims must not only be numerous, but also be patently without merit. *See id*.

A district court must apply the following four guidelines before ordering prefiling restrictions:

**A. Notice**

The litigant must be provided with an opportunity to oppose the order before it is entered. Due process requires notice and an opportunity to be heard. *See De Long*, 912 F.2d at 1147.

Here, as detailed in the facts section, PNC filed its motion and served Mr. Ahluwalia. Although PNC said initially that it wanted an *ex parte* proceeding, the court advised that the case needed a hearing, issued an order with the appropriate legal standards, and gave Mr. Ahluwalia an opportunity to oppose the motion and appear at the hearing. (*See* 4/17/2015 Order, ECF No. 5.) He did not oppose

the motion, and he did not appear. In an earlier remand, the magistrate judge warned Mr. Ahluwalia that his removals were improper and he risked being sanctioned and declared a vexatious litigant if he continued to remove his case improperly. " (*See* 2/20/15 Report and Recommendation, 4:15-cv-00755-YGR, ECF No. 3.)

The notice requirement has been satisfied. *See Pac. Harbor Capital, Inc. v. Carnival Airlines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (holding that the opportunity to be heard does not require an oral or evidentiary hearing and instead, due process is satisfied by the opportunity to brief the issue).

### B. Adequate record for review

The district court must create a record for review which includes a listing of all the cases and motions that led it to conclude that a vexatious litigant order was needed. At least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive. *See id.*

In all, as set forth in the statement, Mr. Ahluwalia removed the unlawful-detainer case five times. The prior reports and recommendations all explain why removal is not proper, including the advisement that a defendant cannot remove a case (and assert diversity jurisdiction as a basis for doing so) when a defendant is sued in his home state. *See* 28 U.S.C. § 1441(b)(2).

### C. Substantive findings of frivolousness

The district court must make substantive findings as to the frivolous or harassing nature of the litigant's actions. It must find the litigant's claims to be frivolous after looking at both the number and content of the filings as indicia of frivolousness, or, alternatively, find that the claims show a pattern of harassment. *See id.* at 1148.

This court has advised Mr. Ahluwalia four times previously that he cannot remove the case and has asserted an improper basis for jurisdiction. He continues to remove the case. The record supports the conclusion that this removal is frivolous.

Courts should "consider whether other, less restrictive options [than a prefiling injunction], are adequate to protect the court and the parties." *Ringgold-Lockhart*, 761 F.3d at 1064 (citations omitted). Sanctions under Federal Rule of Civil Procedure 11 are one such option. *Id.* at 1065. Apparently "most vexatious[-]litigant findings involve tens or even hundreds of filings." *Bank of New*

ORDER; REPORT AND RECOMMENDATION
(No. 3:15-cv-01264-LB)

8

*York Mellon v. Brewer*, 9/7/12 Order, No. 5:12-cv-03179-RMW, ECF No. 27 at 7. That being said, in the similar *Brewer* case, a district judge imposed a prefiling order in a case involving serial removals of an unlawful-detainer case, noting that "defendants' filings, while fewer in number, are sufficiently egregious because they arise in the same case, attempt to take the same improper action, and raise the same arguments that have already been rejected." *Id.* Morever, the court noted that unlawful-detainer actions "are meant to pass through the courts in an expedited manner and are given precedence in trial setting." (*Id.*, citing Cal. Code Civ. P. § 1179(a).) As in the *Brewer* case, "[d]espite the policy toward expeditious conclusion of unlawful detainer actions, and likely at least in part as a result of defendants' repeated removals, this case is still pending. Thus, defendants' filings have had significant disruptive effect." *Id.*

### D. Breadth of order

The order must be narrowly tailored to closely fit the specific vice encountered. *See De Long*, 912 F.2d at 1148. An order preventing a litigant from filing any further actions without leave of court is overly broad and cannot stand. *See id.*; *Moy*, 906 F.2d at 470-71. So too is an order that states that the court will now allow a new action to be initiated unless the court deems the action "meritorious," which is not possible to determine from pleadings alone; such an order is not narrowly tailored to address the particular concern that plaintiffs will continue to pursue frivolous litigation. *Ringgold-Lockhart*, 761 F.3d at 1066.

In *Brewer*, the district court imposed a narrow prefiling order that prevented the defendants from filing any further notices of removal of the specific "Santa Clara Superior Court case number 110-cv-163857" without first filing a "motion for leave to file a notice of removal" that included the copy of the district court's order and a copy of the proposed filing. (*Id.* at 7-8.) A similar order here would be sufficiently tailored to the particular harm caused here by the serial, frivolous removals.

### E. Conclusion

The *Brewer* court quoted this passage from *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990): "[C]ourts have an affirmative obligation to 'ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts. Frivolous and harassing claims crowd out legitimate ones and need not be tolerated by the district courts.'" *Id.* at 7 (quoting

*O'Loughlin*, 920 F3d at 618). As in *Brewer*, Mr. Ahluwalia's "duplicative filings have forced not only the unnecessary expenditure of time and money on the part of plaintiff but also the use of the court's limited resources that could be better used in processing legally supported claims." *Id.* The undersigned's recommendation thus is for a tailored prefiling order like that ordered in *Brewer*.

**IV. SANCTIONS**

A defendant who removes a case improperly may be sanctioned under Rule 11 and 28 U.S.C. § 1447. In particular, section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (*Id.*)  PNC asks for $1,720 for 8 hours work at $215 an hour.

A sanction is supportable. One judge previously warned Mr. Ahluwalia that he could be sanctioned for frivolous removals. (2/20/15 Report and Recommendation, 4:15-cv-00755-YGR, ECF No. 3.)  In a different remand, the magistrate judge first issued an order to show cause why the case should not be remanded for lack of federal jurisdiction, and Mr. Ahluwalia did not respond. (Order to Show Cause, No. 3:14-cv-04693-JST, ECF No. 4; Report and Recommendation, ECF No. 5.)  Mr. Ahluwalia did not oppose the motion or appear at the hearing in this case, despite notice and an opportunity to respond and be heard. He also paid the $400 filing fee here and in the four earlier cases for a total outlay of $2,000. The bottom line is that Mr. Ahluwalia knows that his removals are improper because there is no subject-matter jurisdiction, the court warned him previously that he could be sanctioned, he knew that PNC asked for sanctions, and he failed to appear or oppose the sanctions. The record establishes delay to hijack the state unlawful-detainer trial.

The court's view is that $1,720 is too much. The sanctions should be linked to the filings here, and they are pretty boiler plate. The motion required only referencing the earlier orders, and the undersigned laid out the legal standards for the vexatious-litigant test in an earlier order. (4/17/15 Order, ECF No. 5.)  3.5 hours of work (approximately) seems about right, and it yields a sanction of $750.

Ordinarily, the undersigned might be reluctant to recommend both a prefiling order and a sanction. The court asked PNC about whether it might forgo its fees request given the court's willingness to recommend a vexatious-litigant order, and it said no. Given the warning and notice to

UNITED STATES DISTRICT COURT
For the Northern District of California

Mr. Ahluwalia, and the fact that the serial $400 filing fees did not present any apparent deterrent to his filing frivolous removals, the court recommends the $750 sanction too.

**CONCLUSION**

The undersigned orders the Clerk of the Court to reassign this action to a district judge, recommends that the district court judge remand the action to Contra Costa County Superior Court, and recommends that the district court impose a narrow prefiling order and impose a sanction of $750. The form of order, which is modeled on the *Brewer* order, might be as follows: "The court remands the above-titled unlawful-detainer action to Contra Costa County Superior Court. The court finds that the defendant Navjot Ahluwalia is a vexatious litigant and impose a prefiling order as follows. Before filing any further notices of removal from Contra Costa County Superior Court case number PS14-0459, Navjot Ahluwalia is ordered to file a motion for leave to file a notice of removal. He must submit a copy of the report and recommendation, the order, and a copy of the proposed notice of removal with any motion for leave to file. The court also orders Mr. Ahluwalia to pay PNC Bank its actual expenses in the form of attorney's fees in the amount of $750, which were incurred as a result of the removal. *See* 28 U.S.C. § 1447(c)."

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: May 28, 2015

LAUREL BEELER
United States Magistrate Judge